### UNITED STATES DISTRICT COURT
### EASTERN DISTRICT OF VIRGINIA
### (RICHMOND DIVISION)

BRIAN CRUZ

        Plaintiff,

v.

KEYBRIDGE MEDICAL REVENUE
CARE

        Defendant.

**Case No.: 3:21-cv-00015**

**COMPLAINT AND DEMAND FOR
JURY TRIAL**

    **1. FDCPA, 15 U.S.C. § 1692 et seq.**

## COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff, Brian Cruz ("Plaintiff") alleges Defendant KeyBridge Medical Revenue Care ("Defendant") has violated his rights as provided by the Fair Debt Collection Practices Act:

## INTRODUCTION

1.    This is an individual action brought by a Virginia consumer alleging statutory damages, actual damages, additional damages as the court may allow as provided in 15 U.S.C. §§ 1692e(2), e(10) and f, attorneys' fees and costs for the defendant's violations of the Fair Debt Collections Practices Act ("FDCPA"), 15 U.S.C. §1692 et seq., which prohibits debt collectors from engaging in abusive, deceptive, and unfair collection practices.

## JURISDICTION AND VENUE

2.    The District court has federal question jurisdiction over these claims pursuant to 15 U.S.C. § 1692k(d) and 28 U.S.C. § 1331.

3.    Venue is proper pursuant to 28 U.S.C. 1391(b)(2) in that a substantial part of the events or omissions giving rise to the claim occurred in Eastern District.

4.    Venue is proper in this District and Division because the conduct at issue

occurred within the Richmond Division's geographic boundaries, Plaintiff resides within the Richmond Division, and Defendant transacts business here.

## **PARTIES**

5.      Plaintiff Brian Cruz is a natural person allegedly obligated to pay any debt, and he is therefore "consumer" as defined by the FDCPA, 15 U.S.C. § 1692a(3). Plaintiff resides in the city of Fredericksburg, Virginia, which is within the Richmond Division of the Eastern District of Virginia.

6.      Defendant is a foreign corporation that regularly conducts business in Virginia on a routine and systematic basis.  Defendant is headquartered at 2348 Baton Rouge Ave, Lima, Ohio 45805. Defendant is in the business of contacting consumers to collect consumer debt.

7.      Defendant regularly collects or attempts to collect debts owed or due or asserted to be owed or due another, and is therefore a "debt collector" within the meaning of the FDCPA, as defined at 15 U.S.C. §1692a(6). Defendant regularly uses the telephone and mail to engage in the business of collecting debts and/or alleged debts from consumers in several states, including Virginia.

8.      Any violations by Defendant as set forth in this Complaint were knowing and intentional, and Defendant did not maintain procedures reasonably adapted to avoid any such violation.

9.      During all time pertinent to this Complaint, Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers.

///

## FACTUAL ALLEGATIONS

10.     On or about February 19, 2020, Plaintiff filed for a voluntary bankruptcy under Chapter 7 of Title 11 of the Bankruptcy Code, in the United States Bankruptcy Court for the Eastern District of Virginia (Alexandria) (#20-10517-BFK). Plaintiff listed his Mary Washington Healthcare Accounts ("Accounts") on Schedule F of his Chapter 7 Bankruptcy.

11.     There were no objections to Plaintiff's discharge of the Accounts, or any other listed debts.

12.     On or about July 8, 2020, Plaintiff's Chapter 7 Bankruptcy was discharged by Order of the Bankruptcy Court.

13.     Plaintiff's Bankruptcy discharge included the discharge of all debt owed on his Accounts.

14.     According to the certificate of service filed on July 20, 2020, in the Bankruptcy Court, the Bankruptcy Noticing Center sent actual notice of Plaintiff's discharge to Mary Washington Healthcare at its street address on July 8, 2020.

15.     In the Discharge of Debtor and Notice sent by the Bankruptcy Noticing Center, among other things, there is a specific explanation of the discharge and a warning to creditors, which reads in pertinent part:

**Collection of Discharged Debts Prohibited**

**The discharge prohibits any attempt to collect from the debtor a debt that has been discharged. For example, a creditor is not permitted to contact a debtor by mail, phone, or otherwise, to file or continue a lawsuit, to attach wages or other property, or take any other action to collect a discharged debt from the debtor . . . A creditor who violates this order can be required to pay damages and attorney's fees to the debtor.**

**However, a creditor may have the right to enforce a valid lien, such as a mortgage or security interest, against the debtor's property after the bankruptcy, if that lien was not avoided or eliminated in the bankruptcy case.  Also a debtor**

**may voluntarily pay any debt that has been discharged.**   (bold added).

16.     The notice also contains an explanation that the discharge eliminates a debtor's legal obligation to pay a debt that is discharged and lists some exceptions not relevant to Plaintiff's bankruptcy case. Despite Plaintiff's Bankruptcy discharge, Defendant commenced collection efforts against Plaintiff.

17.     Several months after receiving his Bankruptcy discharge, Plaintiff received a collection letter from Defendant, dated October 14, 2020, seeking payment of $250, supposedly past due and owing the discharged Accounts.

18.     In its letter to Plaintiff, Defendant identified Mary Washington Hospital as the original creditor and stated, "Your account has been assigned to our office for collection."

19.     Defendant also stated, "This is an attempt to collect a debt."

20.     Defendant designed the communication as a bill (demand for payment), indicating to consumers like Plaintiff that an outstanding balance was owed, and payment was due on the (discharged) debt. The letter includes a remittance section, payment coupon, and lists several payment options for Plaintiff, including online payment, telephone payment, or use of the payment coupon included with the letter.

21.     Defendant represented to Plaintiff that unless Plaintiff notified Defendant that he disputes the validity of this debt within thirty (30) days of receipt of the letter, Defendant would assume the debt was valid.

22.     Defendant also represented that if Plaintiff disputed the validity of the debt, Defendant would obtain a verification of the debt or obtain a copy of a judgment and send this to Plaintiff.

23.     The least sophisticated consumer would be misled by these representations,

since Defendant states $250.00 is currently due from Plaintiff, and that if Plaintiff disputed the validity of the debt, Defendant would obtain "verification" or a "copy of a judgment" and send this to Plaintiff implying the use of legal means to collect the debt.

24.     Thus, by the content of Defendant's collection letter, consumers like Plaintiff are faced with consequences in either event—whether they fail to dispute the validity of the debt or dispute the validity of the debt.   The only option without consequences is, for consumers like Plaintiff, to pay Defendant the amount demanded.

25.     Upon information and belief, Defendant included such language to make Plaintiff believe he was still legally responsible for the debt on the Accounts.

26.     Defendant's collection correspondence is misleading when construed as a whole, as Defendant demands payment for a discharged debt, and prominently features this payment demand, payment instructions, and payment coupon. Defendant's correspondence also misleadingly implies that the debt can be assumed valid, or that Defendant can mail Plaintiff a "verification" or "judgment." When construed as a whole, Defendant's correspondence is an attempt to collect a debt.

27.     Upon information and belief, Mary Washington Hospital assigned, sold, and/or transferred the Accounts to Defendant during Plaintiff's bankruptcy or after Plaintiff's bankruptcy discharge.

28.     Upon information and belief, Defendant had actual knowledge, or was on notice that Plaintiff's Accounts were discharged by Plaintiff's Bankruptcy.

29.     Additionally, Defendant fails to use reasonable efforts or otherwise acts in bad faith by failing to confirm debts are indeed valid, and not discharged by bankruptcy, when Defendant is on notice that it regularly pursues consumers whose debts were discharged in

bankruptcy. Defendant also fails to perform what is commonly known as a "bankruptcy scrub," to confirm consumers it pursues did not discharge the alleged debts in a bankruptcy proceeding.

30. Defendant further knew, or reasonably should have known, that the debt it was attempting to collect from Plaintiff had been discharged in Plaintiff's Bankruptcy since the assignor Mary Washington Hospital, had actual notice of Plaintiff's discharge.

31. In addition to sending a threatening and misleading collection letter, Defendant also called Plaintiff on numerous occasions and even left Plaintiff voicemails.

32. The voicemails identified Defendant as the caller and stated the call was a "communication from a debt collector" and further requested Plaintiff's "attention to a very important business matter".

33. On one occasion, Plaintiff answered a call from Defendant and spoke with a representative.

34. Defendant's representative informed Plaintiff that Defendant was trying to collect a debt incurred by Plaintiff on behalf of Mary Washington Hospital.

35. Plaintiff informed the representative that he filed for bankruptcy and was represented by an attorney.

36. The representative informed Plaintiff that Defendant would look into the bankruptcy but did not ask Plaintiff for his attorney's contact information.

37. Upon information and belief, the Account was transferred or sold to Defendant as part of a portfolio with many other accounts, which specifically warned Defendant that some of the Accounts might have been included in and/or discharged in bankruptcy.

38. Defendant holds itself out to the public as a debt collector that cares about the

patients from whom it collects alleged medical debts.

39.    However, Defendant knows or is otherwise on notice that some of the debts Defendants attempts to collect are debts that have been discharged in bankruptcy.

40.    Upon information and belief, Defendant does not attempt to determine whether the debts it is attempting to collect have been included in bankruptcy, even though Defendant is on notice that many of the debts it attempts to collect have been discharged in bankruptcy.

41.    Defendant's attempts to collect an alleged debt from Plaintiff were deceptive, misleading, unfair, unconscionable, and plainly violates numerous provisions of the FDCPA.

42.    Defendant's conduct is precisely what Congress intended to deter and punish through enactment of the FDCPA.

43.    Defendant's collection efforts caused Plaintiff to suffer concrete and particularized injuries and harm. Defendant injured Plaintiff by invading Plaintiff's privacy, trying to extract money from Plaintiff that Plaintiff did not owe, diminished Plaintiff's efforts to obtain a fresh start following his bankruptcy discharge, and placed Plaintiff in fear of legal proceedings or other avenues Defendant might pursue to collect the alleged debt. .

44.    As a result of Defendant's conduct, Plaintiff has sustained actual damages including, but not limited to, lost time, embarrassment, stress and anxiety, emotional and mental pain, and anguish.

### COUNT I
### VIOLATION OF FAIR DEBT COLLECTION PRACTICES ACT
### 15 U.S.C. § 1692e(2)(A); § 1692e(5)

45.    Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

46.    The FDCPA is a comprehensive regulatory scheme that Congress enacted to eliminate abusive, deceptive, and unfair debt collection practices by debt collectors and to

promote consistent state action to protect consumers against debt collection abuses.  15 U.S.C. §§ 1692(a), (e).

47.     When Congress enacted the FDCPA in 1977, Congress had found that abusive debt collection practices harmed consumers by, among other things, increasing personal bankruptcy, marital instability, loss of employment, and invasion of privacy.

48.     Defendant's communication to Plaintiff is deliberately coercive and contains statements that the least sophisticated consumer would interpret as consequences in the event of non-payment of the debt.  Defendant's primary purpose of the communication to Plaintiff is to unlawfully extract money from Plaintiff.

49.     Defendant used the phone and mail to pursue an uncollectible debt against Plaintiff.

50.     Upon information and belief, Defendant utilizes these false, deceptive, misleading, unfair, and unconscionable tactics as a matter of course when attempting to collect debts from consumers such as Plaintiff despite the fact that Defendant knew or should have known that the debt was discharged, thus it did not have a right to churn out a form collection letter as if it didn't know.

51.     Defendant entices consumers like Plaintiff to contact Defendant by stating they are calling about "a very important business matter."

52.     Defendant also warns consumers like Plaintiff that failing to dispute the validity of the debt would lead Defendant to assume that the debt is valid.

53.     At the same time, Defendant also warns consumers like Plaintiff that disputing the validity of the event would lead to Defendant mailing Plaintiff either a "verification" or "copy of a judgment."

54.     Thus, consumers like Plaintiff are left with the impression that there will be consequences unless they pay Defendant the amount demanded by Defendant. Defendant therefore violates 15 U.S.C. §1692e(5) by threatening action that cannot legally be taken against Plaintiff for the alleged debt, including obtaining any "verification" that the alleged debt is valid, or a copy of a judgment.

55.     In this case, Plaintiff did not owe the debt Defendant attempted to collect because that debt was discharged in bankruptcy.

56.     Defendant's conduct is intentional. Defendant does not maintain procedures reasonably adapted to avoid such conduct, but rather intend the conduct.

57.     Defendant violated § 1692e(2)(A) of FDCPA by misrepresenting the legal status of the alleged debt that Defendant attempted to collect from Plaintiff. Defendants' representations were made knowingly and with the intent to deceive and coerce the least sophisticated consumer. 15 U.S.C. 1692e(2)(A).

58.     Defendant further violated § 1692e of the FDCPA by misrepresenting the consequence of non-payment of the alleged debt to Plaintiff.

59.     Defendants' acts as described above were done intentionally with the purpose of coercing Plaintiff to pay an alleged debt.

60.     Defendant's debt collection actions, including sending a collection letter and calling Plaintiff, were false, deceptive, or misleading representation or means used by Defendant in connection with the collection of a debt.

61.     As a result of the foregoing violations of the FDCPA, Defendant is liable to Plaintiff for actual damages, statutory damages, costs, and attorney fees. Plaintiff has suffered injuries in fact, invasion of privacy, emotional distress, embarrassment, frustration, and

interference with usual activities.

## COUNT II
## VIOLATION OF FAIR DEBT COLLECTION PRACTICES ACT
### 15 U.S.C. § 1692e(10)

62.     Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

63.     Defendant further violated the FDCPA by making false and deceptive representations that Plaintiff must notify Defendant that Plaintiff disputed the validity of the debt within thirty (30) days of receipt of the letter or else the debt would be assumed valid.

64.     The alleged debt was in fact discharged.  Defendant could not legally collect the debt from Plaintiff or convert the debt from a discharged debt to a "valid" or collectible debt.

65.     Defendant's representations were made knowingly and with the intent to deceive and coerce the least sophisticated consumer in order to induce payments for alleged debts that are uncollectible as a matter of law.

66.     Defendant's debt collection actions were false, deceptive, or misleading representation or means used by Defendants in connection with the collection of a debt.

67.     As a result of Defendant's actions, Plaintiff suffered injuries in fact, including but not limited to physical injuries resulting from emotional distress; economic losses; lost time from work. He is entitled to recover actual damages, statutory damages, declaratory relief, injunctive relief, attorneys' fees and costs.

## COUNT III
## VIOLATION OF FAIR DEBT COLLECTION PRACTICES ACT
### 15 U.S.C. § 1692f

68.     Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

69.     Defendant further violated the FDCPA by using unfair or unconscionable means to collect a debt.

70.     Defendant's unfair and unconscionable means include, without limitation:

- Attempting to collect a debt from Plaintiff that was discharged in bankruptcy, and was therefore not due and owing or legally collectible;

- Misleading Plaintiff as to the validity of the debt;

- Misleading Plaintiff as to the consequence of failing to dispute the debt;

- Misleading Plaintiff as to the consequence of disputing the debt;

- Threatening to send Plaintiff a copy of a "verification" or "judgment;"

- Attempting to coerce, pressure and/or deceive Plaintiff into paying money that Plaintiff did not in fact owe.

71.     Defendant's debt collection actions were false, deceptive, or misleading representation or means used by Defendants in connection with the collection of a debt.

72.     As a result of Defendant's actions, Plaintiff suffered injuries in fact, including but not limited to physical injuries resulting from emotional distress; economic losses; lost time from work. Plaintiff is also entitled to recover actual damages, statutory damages, declaratory relief, injunctive relief, attorneys' fees and costs.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff, respectfully requests judgment be entered against Defendant for the following:

A.  Declaratory judgment that Defendant violated the FDCPA;

B.  Actual damages pursuant to 15 U.S.C. § 1692k(a)(1);

C.  Injunctive relief prohibiting the Defendant's continued abusive debt-collection

conduct in violation of the FDCPA;

D. Statutory damages pursuant to 15 U.S.C. § 1692k(a)(2);

E. Costs and reasonable attorney's fees pursuant to 15 U.S.C. § 1692k(a)(3)

F. Awarding Plaintiff any pre-judgment and post-judgment interest as may be allowed under the law; and

G. Should this action be deemed properly one for violations of the discharge injunction, a determination the Plaintiffs are entitled to recovery actual and punitive damages, attorneys fees and costs, and such other or further relief as the Court deems proper.

## **DEMAND FOR JURY TRIAL**

Please take notice that Plaintiff demands a trial by jury in this action.


RESPECTFULLY SUBMITTED,

**BRIAN CRUZ**

By: _____/s/_____
Susan Rotkis VSB 40693
*Attorney for Plaintiff Brian Cruz*
**PRICE LAW GROUP**
382 S. Convent Ave.
Tucson, AZ 85716
T: (818) 600-5506
E: susan@pricelawgroup.com